UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI MARIE WEBB,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | CASE NO. 3:15-cv-05098 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

  This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* Dkt. 16, 20, 23).

  After considering and reviewing the record, the Court concludes that the ALJ erroneously dismissed the opinion of evaluating psychologist Kimberly Wheeler, Ph.D. The case must be reversed and remanded for further proceedings.

ORDER ON PLAINTIFF'S COMPLAINT - 1

BACKGROUND

Plaintiff, LORI MARIE WEBB, was born in 1962 and was 43 years old on the alleged date of disability onset of January 1, 2006 (*see* AR. 188-94). Plaintiff graduated from high school and attended one year of college (AR. 802). Plaintiff has past work experience as a bartender, and residential and commercial painter (AR. 64-66). Plaintiff's last employment was a part-time job handing out samples at a warehouse store, but stopped working when she fractured her hip (AR. 49).

According to the ALJ, plaintiff has at least the severe impairments of "Morbid Obesity; Degenerative Joint Disease of the Bilateral Hips, status post Left Total Hip Replacement; Asthma/COPD; Back Problems, Alcoholism; Depression; Anxiety; PTSD; and Borderline Personality Disorder (20 CFR 416.920(c))" (AR. 21).

At the time of the hearing, plaintiff lived in a recreational vehicle on her father's property (AR. 277, 285).

PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration (*see* AR. 82-93, 95-109). Plaintiff's requested hearing was held before Administrative Law Judge John Rohlf ("the ALJ") on July 9, 2013 (*see* AR. 43-80). On August 8, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 16-38).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or not the ALJ provided sufficient reasons to reject the opinion of treating physician Robert

Peterson, M.D., that plaintiff was limited to sedentary work; (2) Whether or not the ALJ provided sufficient reasons to reject the opinion of Dr. Wheeler; and (3) Whether or not given these errors the residual functional capacity ("RFC") and hypothetical questions were complete such that the step five finding had support in substantial evidence (*see* Dkt. 16, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) Whether or not the ALJ provided sufficient reasons to reject the opinion of treating physician Robert Peterson, M.D., that plaintiff was limited to sedentary work.

Dr. Robert Peterson treated plaintiff for her physical impairments. He completed a physical functional evaluation form in September 2012 (AR. 808-10). He listed plaintiff's chief complaints as moderate bilateral hip pain, moderate chronic back pain, severe depression, and severe asthma (AR. 808-09). He considered her mental health to be a major disabling problem (AR. 810). He rated plaintiff as capable of performing sedentary work with limitations persisting for three months (AR. 810).

Despite Dr. Peterson's role as a treating physician, the ALJ gave his opinion only "some" weight (AR. 29). The ALJ reached this conclusion because Dr. Peterson's

contemporaneous medical notes show normal range of motion in her neck, hips, back, hands, and fingers, and no audible wheezing (AR. 29).  Additionally, the ALJ noted that Dr. Peterson opined that plaintiff's limitations would only persist for three months and that it was unclear whether the doctor's definition of disability was the same as that used by the Social Security Administration (AR. 29).   The ALJ also found that Dr. Peterson did not give "an in depth explanation for his opinion."  (AR. 29).

Plaintiff contends the ALJ erred by rejecting this treating physician evaluation which established that plaintiff could only perform sedentary work, and if properly credited, this opinion limiting plaintiff to sedentary work would require a finding of disabled as of her fiftieth birthday based on the Medical Vocational Guidelines (Dkt. 16, p. 7-8). The defendant argues that the ALJ properly assessed Dr. Peterson's opinion because of the limited three month duration, the determination of disability is reserved to the Commissioner, the conclusions in the evaluation were inconsistent with other evidence in the record including contemporaneous notes, and the opinion was inconsistent with the reviewing physician's opinion (Dkt. 20, p. 7).

Regardless of whether Dr. Peterson's assessment was supported by sufficient, consistent evidence to establish plaintiff as limited to sedentary work, the ALJ did not err in rejecting this opinion.  Dr. Peterson opined that plaintiff's limitations would persist at the sedentary level for only three months (AR. 810).  This short duration falls far short of the required twelve month period of impairment necessary to establish disability. *See* 20 C.F.R. §§ 416.905(a), 416.912(a) and (c). Because the opined limitations are only

expected to last three months, Dr. Peterson's assessment is not relevant to establishing disability.  Therefore, the ALJ did not err by limiting the weight assigned to this opinion.

      (2)      Whether or not the ALJ provided sufficient reasons to reject the opinion of Dr. Wheeler.

Kimberly Wheeler, Ph.D. evaluated plaintiff in September 2012 (AR. 802-06). She was an examining psychologist and, therefore, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence in the record" in order to reject her contradicted opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). Dr. Wheeler diagnosed depression NOS, PTSD, borderline personality disorder, and alcohol dependence in tentative early remission (AR. 803).  She observed plaintiff's incessant speech, hyperstartle, negative-self image, overreaction to anger, and depression (AR. 803).  Dr. Wheeler also rated plaintiff as markedly impaired in her ability to adapt to changes in a routine work setting and communicate and perform effectively in a work setting (AR. 804).  Plaintiff was also severely impaired in her ability to complete a normal work day/week without interruptions from her psychological symptoms and maintain appropriate behavior in a work environment (AR. 804). According to Dr. Wheeler, plaintiff's current impairments were not primarily the result of alcohol or drug use within the past sixty days and would persist following sixty days of sobriety (AR. 805). The ALJ gave little weight to this opinion because it did not reflect plaintiff's functioning with appropriate treatment and indicated that chemical dependency assessment/treatment was not recommended despite plaintiff's tentative sobriety and

relapse (AR. 29). The ALJ also assigned less weight to Dr. Wheeler's opinion as a one-time examination based on claimant's own report of functioning (AR. 29).

The ALJ's decision to disregard Dr. Wheeler's opinion as a one-time evaluation reliant on plaintiff's subjective complaints was erroneous. This reasoning was particularly inappropriate due to the great weight given to the opinions of reviewing psychologists Drs. Robinson and Regets (AR. 29). Even with only one evaluation, Dr. Wheeler was an examining psychologist and entitled to greater weight than the two nonexamining agency psychologists who merely reviewed the record. *See Lester, supra*, 81 F.3d at 830 (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1). While an ALJ may rely on opinions of reviewing psychologists over the opinion of an examining psychologist in some circumstances, there are good reasons why the ALJ should not have done so here.

It should be noted that Dr. Wheeler did not over-rely on plaintiff's self-reports. According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r Soc. Sec. Admin.,* 169 F.3d 595, 602 (9th Cir. 1999) (*citing Fair v. Bowen*, 885 F.2d 597, 605(9th Cir. 1989))). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v.Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does

not discredit those complaints and supports his ultimate opinion with his own observations"); *see also Edlund v. Massanari, supra*, 253 F.3d 1152, 1159 (9th Cir. 2001). According to the Ninth Circuit, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing Ryan, supra*, 528 F.3d at 1199-1200).

Here, Dr. Wheeler made clinical observations and conducted a mental status examination rather than merely relying on plaintiff's self-reports. She observed incessant speech and rapid shifting between topics (AR. 803). She also noted that plaintiff was a poor listener and missed directions repeatedly (AR. 803). Plaintiff had hyperstartle reflex and berated herself for the reaction (AR. 803). And, Dr. Wheeler reported that plaintiff had a negative self-image, beating herself up "in a way that others would find baiting and abrasive." (AR. 803). Plaintiff was easily slighted, frequently misinterpreting statements as a slight and quickly becoming defensive (AR. 803). During the mental status examination, Dr. Wheeler found that plaintiff's thought process and content were not normal, they were "organized and goal directed, though the only goal is to beat herself up." (AR. 805). Plaintiff had poor memory, concentration, insight, and judgment (AR. 806). These findings were based on observations made by a trained psychologist, rather than parroting of symptoms described by the plaintiff. Therefore, the ALJ erred by disregarding Dr. Wheeler's opinion as based on plaintiff's own report of functioning.

Additionally, the ALJ faulted Dr. Wheeler's opinion because it did not reflect plaintiff's functioning with appropriate treatment and indicated that chemical dependency

assessment or treatment was not recommended (AR. 29). Dr. Wheeler found that plaintiff's impairments were not primarily the result of drug or alcohol use in the past sixty days and would persist even after sobriety (AR. 805). These statements imply that drug and alcohol addiction is not the root of the underlying impairments and sobriety would not necessarily improve plaintiff's condition. Her opinion was supported by observations of daily, marked depression which "may change with abstinence from alcohol, though such a deeply ingrained cognitive habit, might not." (AR. 803). Instead, Dr. Wheeler recommended mental health treatment (AR. 805). This assessment was not inconsistent with observations and opinion that plaintiff's impairments would persist despite sobriety and mental health treatment was necessary.

Finally, the ALJ gave little weight to this opinion because Dr. Wheeler did not assess plaintiff's functioning with appropriate treatment (AR. 29). However, *none* of the opinions in the record reflect plaintiff's condition with treatment, including the opinions from the consulting psychologists (AR. 29, 86-87, 90-91, 100-01,105-06). Reviewing psychologists Drs. Robinson and Regets examined plaintiff's records prior to Dr. Wheeler's evaluation and before plaintiff began mental health treatment (AR. 86-87, 100-01). Yet, the ALJ gave great weight to these non-examining psychologists whose opinions also failed to reflect plaintiff's capacity with treatment. The ALJ's rejection of Dr. Wheeler's opinion for a flaw present in *all* the psychological assessments in the record, including those given great weight, was not legitimate.

Dr. Wheeler provided a consistent opinion based on her observations and clinical findings. The ALJ gave little weight to this opinion, relying instead on opinions from

consulting physicians who reviewed plaintiff's medical records prior to Dr. Wheeler's evaluation.  The ALJ's reasons for rejecting the opinion were not specific, legitimate, or supported by substantial evidence in the record and, therefore, constitute error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 2015 U.S. App. LEXIS 11920 at *7-*8 (9th Cir. July 10, 2015) (*citing Stout,* 454 F.3d at 1055-56). The court further indicated that "the more serious the ALJ's error, the more difficult it should be to show the error was harmless." *Id.* at *9 (noting that where the ALJ did not even mention a doctor's opinion that plaintiff was "pretty much nonfunctional," it could not "confidently conclude" that the error was harmless) (*citing Stout,* 454 F.3d at 1056; *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 750 (6th Cir. 2007)). Even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (*citing* 20 C.F.R. § 404.1527(d)(1)-(3)).

In this case, the Court concludes that the ALJ's error was harmful because plaintiff's RFC may not account for all of her impairments. According to the Ninth Circuit, when an ALJ ignores or improperly discounts significant and probative evidence in the record favorable to a claimant's position, such as an opinion from an examining or treating doctor, the ALJ "thereby provide[s] an incomplete residual functional capacity [RFC] determination." *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). Furthermore, when the RFC is incomplete, the hypothetical question presented to the vocational expert relied on at step five necessarily also is incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." *See id.* at 1162. Here, the ALJ improperly discounted Dr. Wheeler's opinion as to plaintiff's mental health impairments and their limitations. Therefore, the resulting RFC is incomplete and the subsequent vocational expert testimony is unreliable. Reversal is required.

Generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen*, 80 F.3d at 1292). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292)).

Plaintiff argues for remand for benefits because the record is complete and if Dr. Wheeler's opinion were credited it would establish an inability to sustain employment (Dkt. 16, p. 11-12). The Court disagrees.  Outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292.

The ALJ's improper evaluation of Dr. Wheeler's opinion led to an RFC which may not have adequately accounted for the full extent of plaintiff's mental impairments.  It is not the Court's role to interpret the evidence and determine plaintiff's RFC.  The final responsibility for deciding issues such as an individual's RFC is reserved to the Commissioner.  Social Security Ruling (SSR) 96-5P.  As a result, further proceedings are necessary to reevaluate Dr. Wheeler's opinion, formulate a new RFC if required, and complete steps four and five of the disability analysis as needed.

Even if Dr. Wheeler's testimony established an inability to sustain employment which translated to disability, further proceedings would be necessary.  Evidence in the record shows a significant history of substance abuse, which could result in ineligibility for benefits if the substance abuse is a contributing factor to plaintiff's disability. 42 U.S.C. §§423(d)(2)(C), 1382c(a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949, 954 (2001). An initial determination that plaintiff was disabled would necessitate the ALJ conduct a second five-step inquiry to determine if the claimant would still be disabled in the absence of substance abuse.

*Bustamante, supra*, 262 F.3d at 954. Therefore, remand for immediate award of benefits is not appropriate in this case. Outstanding issues remain and further proceedings are necessary.

### CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 2nd day of November, 2015.

J. Richard Creatura
United States Magistrate Judge